United States District Court
Southern District of Texas
**ENTERED**
January 15, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **BLANCA LOPEZ,** § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. B-15-174 |
| § | |
| **WAL-MART STORES, INC. &** § | |
| **OSCAR SMITH,** § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 5, 2015, Plaintiff Blanca Lopez ("Lopez") sued Wal-Mart Stores, Inc. ("Wal-Mart")[1] and Oscar Smith ("Smith") in the Cameron County Court at Law III. Dkt. No. 1-4. On August 17, 2015, Wal-Mart was served with the complaint. Dkt. No. 1. On September 15, 2015, Wal-Mart timely removed the case to this Court, asserting that Smith was improperly joined as a defendant. Dkt. No. 1.

On September 16, 2015, Lopez filed a motion to remand this case to state court. Dkt. No. 3. On September 23, 2015, Wal-Mart and Smith filed a response. Dkt. No. 4. No reply brief was filed.

After reviewing the record and the relevant case law, the Court recommends that the motion to remand be denied. Smith was improperly joined as a defendant and jurisdiction properly lies in this Court.

**I. Background**

On August 5, 2013, Lopez went to the Wal-Mart store on Boca Chica Boulevard in Brownsville, Texas. Dkt. No. 1-4, p. 2. Lopez placed a large bag of dog food in her cart and began to push the cart. Id. When she did, the cart toppled over; in Lopez's attempt to prevent

---

[1] The Court notes that the proper name for the Defendant is Wal-Mart Stores Texas, Inc. Dkt. No. 4.

1

the cart from falling, she injured "her back and other parts of her body." Id. After the incident, Lopez and Wal-Mart employees "observed that the shopping cart had a missing and/or defective wheel." Id.

On August 5, 2015, Lopez sued Wal-Mart and Oscar Smith – the current manager of that Wal-Mart store – in the Cameron County Court at Law III. Dkt. No. 1-4. The complaint was based upon a theory of premises liability. Id. The amount of damages is not specifically pled other than a statement that Lopez seeks "only monetary relief of $100,000 or less." Id, p. 2.

On September 15, 2015, Wal-Mart timely removed the case to this Court. Dkt. No. 1. Wal-Mart asserts that diversity jurisdiction exists in this case because Lopez seeks at least $75,000 in damages and because Smith – a Texas resident – was improperly joined as a defendant. Id.

On September 16, 2015, Lopez filed a motion to remand the case to state court. Dkt. No. 3. Lopez asserts that Smith is not improperly joined because he managed the Wal-Mart in question and owed Lopez a duty to maintain safe premises for her use. Id.

On September 23, 2015, Wal-Mart filed a response to the motion to remand. Dkt. No. 4. Wal-Mart asserts that Smith was improperly joined as a defendant, because he did not become the manager of that store until March 22, 2014 – over six months after the events complained-of in this case. Dkt. No. 4, p. 4; Dkt. No. 4-3 (sworn affidavit of Oscar Smith). Wal-Mart argues that even if the store manager has a duty to maintain a safe premises, Smith was not the manager at the time of the incident and had no such duty. Dkt. No. 4. Thus, Wal-Mart asserts that Smith was improperly joined. Id. Lopez did not file a reply.

Lopez had pled that Wal-Mart was a citizen of Texas; Wal-Mart had asserted that it was incorporated in Delaware and had its primary place of business in Arkansas. Dkt. No. 1, p. 2; Dkt. No. 1-4. On December 22, 2015, the Court ordered the parties to file statements, "explaining the basis for their representations regarding Wal-Mart's citizenship." Dkt. No. 6.

On January 5, 2016, the parties filed a joint stipulation, which stated that Wal-Mart was incorporated in Delaware and had its principal place of business in Arkansas. Dkt. No. 9.

## II. Applicable Law

### A. Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Courts "have consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005).

### B. Removal

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b). The party seeking removal bears the burden of showing that jurisdiction exists and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Under the improper joinder doctrine, a party may not defeat federal jurisdiction with the presence of an improperly-joined non-diverse defendant. Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). There are two ways to establish that a defendant has been improperly joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242 (5th Cir. 2011) (quoting Smallwood, 385 F.3d at 573). No fraud in pleading the facts has been alleged in

this case, and none is otherwise evident.  Accordingly, the first test is inapplicable here.

As to the second test, the question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Cuevas, 2011 WL 3112324 at *5 (quoting Smallwood, 385 F.3d at 573).  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Smallwood, 385 F.3d at 573.  All "contested issues of fact and any ambiguities of state law must be resolved" in favor of the party opposing removal. Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003).  Nevertheless, "a 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." Smallwood, 385 F.3d at 573 n. 9 (quoting Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

"[T]he court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in state court." Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 405 (5th Cir. 2004).  The summary inquiry "is appropriate only to identify the presence of <u>discrete and undisputed facts</u> that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d. at 573-74 (emphasis added); see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996) (endorsing the use of a "summary judgment-like procedure" to "pierce the pleadings" in order to make a summary determination).

### III. Analysis

In deciding this motion, the Court must address a single issue: whether Smith was improperly joined as a defendant in this case.[2]  The Court concludes that Smith was

---

[2] Lopez has not challenged Wal-Mart's contention that the amount in controversy exceeds $75,000.  Lopez pled that she seeks "only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." Dkt. No. 1-4, p. 2.  This assertion supports Wal-Mart's allegation that the amount in controversy

improperly joined and that diversity jurisdiction exists in this case.

As previously noted, the Court employs a Rule 12(b)(6)-style analysis in determining whether a defendant has been improperly joined. Smallwood, 385 F.3d at 573. Thus, the Court must examine whether Lopez has state a claim upon which relief can be granted against Smith.

In premises liability cases, the plaintiff "must establish that the defendant had control over and responsibility for the premises before liability can be imposed." Mayer v. Willowbrook Plaza Ltd. P'ship, 278 S.W.3d 901, 909 (Tex. Ct. App. Houston [14th Dist.] 2009). Smith has stated under oath that he was not the manager of that particular Wal-Mart store when Lopez was injured. Indeed, Smith has affirmatively stated under oath that he "was not engaged in the management of said property and was not in control of the premises" on August 5, 2013 – the day that Lopez was allegedly injured. Dkt. No. 4-3.

In determining the question of improper joinder, the Court may consider "concrete and undisputed facts" that do not come from the complaint. Smallwood, 385 F.3d. at 573-74. Smith has stated under oath that he was not the store manager at the time of the incident and did not manage or control the premises at the time of the incident. Dkt. No. 4-3. Lopez has not challenged the veracity of these facts. Furthermore, Lopez has not submitted any affidavits or facts which would negate Smith's claims. See Badon v. R J R Nabisco Inc., 224 F.3d 382, 393 (5th Cir. 2000) (when the plaintiff does not submit evidence to counter defendant's affidavits on a motion to remand, the Court may consider the defendant's affidavits to be undisputed). Thus, the Court considers the facts in Smith's affidavit to be undisputed.

Given these undisputed facts, Lopez has failed to state a claim state for relief against Smith. In sum, the undisputed facts show that Smith did not have control and responsibility over the premises at the time of the incident. Accordingly, the Court should dismiss Smith

---

requirement for diversity jurisdiction has been satisfied. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

as a defendant in this case, because he was improperly joined. Michels v. Safeco Ins. Co. of Indiana, 544 F. App'x 535, 539 (5th Cir. 2013) (unpubl.) (noting that when the Court finds improper joinder in a motion to remand, the improperly joined defendant should be dismissed).

## IV. Recommendation

For the foregoing reasons, the Court recommends that Plaintiff Blanca Lopez's motion to remand, Dkt. No. 3, be denied. The Court further recommends that Defendant Oscar Smith be dismissed from this case as improperly joined.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on January 15, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge